\_\_\_\_\_ FILED          \_\_\_\_\_ RECEIVED
\_\_\_\_\_ ENTERED        \_\_\_\_\_ SERVED ON
                COUNSEL/PARTIES OF RECORD

APR - 7 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
LISA CARTIER-GIROUX
Email: Lisa.Cartier-Giroux@usdoj.gov
KIMBERLY SOKOLICH
Email: Kimberly.Sokolich@usdoj.gov
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KELTON SIMON, <br><br> Defendant. | No. 2:21-cr-00073-JCM-EJY <br><br> **Plea Agreement for Defendant Kelton Simon Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B)** |

This plea agreement between Kelton Simon ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, and restitution in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture *in rem*, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Depredation Against Property of the United States in violation of 18 U.S.C. §§1361 and 2;

   b. Stipulate to the facts agreed to in this agreement;

   c. Abide by all agreements regarding sentencing contained in this agreement;

   d. Not seek to withdraw defendant's guilty plea once it is entered;

   e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f. Not commit any federal, state, or local crime;

   g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h. Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form

provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

    i.    To facilitate payment of any fine, forfeiture, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

    j.    Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

## II. THE USAO'S OBLIGATIONS

2.    The USAO agrees to:

    a.    Stipulate to facts agreed to in this agreement;

    b.    Abide by all agreements regarding sentencing contained in this agreement;

    c.    At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

    d.    Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on

conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

3. <u>Count One</u>: The elements of Depredation Against Federal Property under 18 U.S.C. §§ 1361 and 2 are as follows:

<u>First</u>: The defendant injured and committed, or the defendant aided, counseled, commanded, induced, and procured others to injure and commit, depredation against property;

<u>Second</u>: The defendant did so willfully;

<u>Third</u>: The property involved was property of the United States, or of any department or agency thereof, or any property which had been or was being manufactured or constructed for the United States, or any department or agency thereof;

<u>Fourth</u>: The damage or attempted damage to the property in quesiton exceeded the sum of $1,000.

See 18 U.S.C. §§ 1361 and 2.

## IV. CONSEQUENCES OF CONVICTION

4. <u>Maximum Statutory Penalties</u>:

a. Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. §§ 1361 and 2 as charged in Count One, is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the

1   gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special
2   assessment of $100.

3       5.    <u>Restitution</u>: Defendant understands that defendant will be required to pay full
4   restitution for the damage described in this agreement to the victim of the offense to which
5   defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with
6   its obligations under this agreement, the Court may order restitution to persons other than the
7   victim of the offense to which defendant is pleading guilty and in amounts greater than those
8   alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that
9   the Court may order restitution to any victim of any of the following for any losses suffered by
10  that victim as a result: any relevant conduct, as defined in USSG § 1B1.3, in connection with the
11  offense to which defendant is pleading guilty. The USAO agrees to recommend that the Court
12  order the full amount of restitution to be imposed jointly and severally liable with other
13  defendants in *United States v. Wallace*, 2:20-cr-00289-RFB-VCF; *United States v. Kostan*, 2:20-mj-
14  00661-DJA; *United States v. Lewis*, 2:20-mj-00821-BNW; and *United States v. Avalos*, 2:20-mj-
15  00801-DJA. The parties agree for the purposes of this plea that the restitution amount for this
16  defendant is over $40,000.00.

17      6.    <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence
18  cannot be shortened by early release on parole because parole has been abolished.

19      7.    <u>Supervised Release</u>: Defendant understands that supervised release is a period of
20  time following imprisonment during which defendant will be subject to various restrictions and
21  requirements. Defendant understands that if defendant violates one or more of the conditions of
22  any supervised release imposed, defendant may be returned to prison for all or part of the term of
23  supervised release authorized by statute for the offense that resulted in the term of supervised
24

1  release, which could result in defendant serving a total term of imprisonment greater than the
2  statutory maximum stated above.

3    8.  <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court
4  must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.
5  However, the statutory maximum sentence limit the district court's discretion in determining
6  defendant's sentence.

7    9.  <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by
8  pleading guilty, defendant may be giving up valuable government benefits and valuable civic
9  rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the
10 right to serve on a jury. Defendant understands that once the district court accepts defendant's
11 guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.
12 Defendant understands that the conviction in this case may also subject defendant to various
13 other collateral consequences, including but not limited to revocation of probation, parole, or
14 supervised release in another case and suspension or revocation of a professional license.
15 Defendant understands that unanticipated collateral consequences will not serve as grounds to
16 withdraw defendant's guilty plea.

17   10. <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant
18 understands that, if defendant is not a United States citizen, the felony conviction in this case
19 may subject defendant to removal, also known as deportation, which may, under some
20 circumstances, be mandatory; denial of citizenship; and denial of admission to the United States
21 in the future. The district court cannot advise defendant fully regarding the immigration
22 consequences of the felony conviction in this case, but defendant's attorney has advised him
23 about the deportation risks of his guilty plea. Defendant understands that unexpected
24 immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On or about May 30, 2020, in the State and Federal District of Nevada, defendant, along with multiple individuals, went to the east entrance of the Foley Federal Building, located at 300 South Las Vegas Boulevard, Las Vegas, Nevada 89101, and threw paint on the windows, repeatedly kicked the windows and doors, and broke the windows with hammers, metal bars, and the metal letters torn off from the sign that read, "FOLEY FEDERAL BUILDING UNITED STATES COURTHOUSE." Defendant repeatedly threw objects at the windows, which broke the windows of the building.

On May 30, 2020, the Foley Federal Building property located at 300 South Las Vegas Boulevard, Las Vegas, Nevada, 89101, was property of the United States and of any department or agency thereof and property which had been manufactured and constructed for the United States, and any department or agency thereof.

The resulting damage to the property was over one thousand dollars ($1,000.00). The defendant agrees and stipulates that the actual damage amount of $71,335.72 is reasonably foreseeable to him.

//

## VI. SENTENCING FACTORS

12. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating Defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

| | |
|---|---|
| Base Offense Level [USSG §2B1(a)(2)]: | 6 |
| Damage Greater Than $40,000 [USSG § 2B1.1(b)(1)(D)]: | +6 |
| Adjusted Offense Level: | 12 |

14. <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit

facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

15. <u>Criminal History Category</u>. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

16. <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

17. The USAO will recommend that the district court sentence defendant at the low end of the advisory guideline range as determined by the district court. Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553.

18. Defendant acknowledges that the district court does not have to follow the recommendation of either party.

19. The government agrees to recommend that, if the district court determines that defendant's advisory guidelines range falls within Zone B of the sentencing table, USSG § 5C1.1(c)(2) should be applied to defendant's sentence so that defendant may be subject to home confinement according to the schedule in §5C1.1(e)(3), provided at least one month is satisfied by imprisonment.

20. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

21. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

22. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty;

   b. The right to a speedy and public trial by jury;

   c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

   d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against defendant;

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

   h. The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

23. <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

24. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

25. <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

26. <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

27. <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed

or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

28.  **Consequence of vacatur, reversal, or set-aside**: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, or the specific enhancement imposed by the district court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

29.  Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

    a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

30.    Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.    Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

14

32. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

33. The Defendant acknowledges that:

   a. Defendant read this agreement and defendant understands its terms and conditions.

   b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

   c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

   d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

   e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

   f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

34. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

35. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

36. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

37. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

//

//

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

38.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_____     03/01/2021
LISA CARTIER-GIROUX                Date
KIMBERLY SOKOLICH
Assistant United States Attorneys

_____     2-25-2021
KELTON SIMON                       Date
Defendant

_____     2-25-21
TODD LEVENTHAL                     Date
Attorney for Defendant Kelton Simon

17